## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO,
## EASTERN DIVISION

| | | |
|---|---|---|
| **Compass Homes, Inc.,** | * | No. 2:13CV0779 |
| Plaintiff, | | Judge Sargus |
| | | Magistrate King |
| v. | * | |
| | | **MOTION OF DEFENDANT,** |
| **Heritage Custom Homes, LLC, et al.** | | **HERITAGE THE GREEN** |
| | | **BUILDERS, LLC DBA HERITAGE** |
| Defendants. | * | **HOMES, FOR SUMMARY** |
| | | **JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 56, Defendant, Heritage the Green Builders, LLC dba Heritage Homes ("Heritage"), moves this Court for summary judgment. The attached memorandum, incorporated herein, supports this Motion.

Respectfully submitted,

*/s/ Stephen C. Findley*
_____
Stephen C. Findley (0010715)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, OH  43215-4247
(614) 827-7300; (614) 827-7303 (fax)
sfindley@ffalaw.com
*Counsel for Defendant, Heritage The Green Builders, LLC d/b/a Heritage Homes*

**MEMORANDUM IN SUPPORT**

I.    **STATEMENT OF FACTS**

Plaintiff Compass Homes, Inc. is a home builder. Complaint ¶10. In or around May 2011, Plaintiff prepared four drawings for Defendants Britt and David Lakin (the "Lakins") with the hope of contracting with them for the construction of a home. Id., ¶11; see Complaint, Ex. A, attached as **Exhibit 1**. Of these four drawings, two are dated May 26, 2011, and two are dated June 28, 2011. Id. The May drawings are unlabeled, but the June drawings are labeled "The LAKIN Residence / Tartan Ridge." Id. These four drawings are hereinafter referred to as the "Lakin Plan."

Ultimately, the Lakins chose Heritage to build their home, but did not provide Heritage with the Lakin Plan, nor any of Plaintiff's drawings/plans. Affidavit of Kenneth Brown ("Brown Aff."), ¶¶4, 6, 7, attached as **Exhibit 2**; see Deposition of Mark Braunsdorf ("Braunsdorf Depo."), p. 87 (admitting he is unaware of anyone who will testify that the Lakins provided Plaintiff's plans to Heritage). The sole member of Heritage, Kenneth Brown, had never seen plans prepared by Plaintiff before the institution of this litigation, and Heritage had no contractual relationship with Plaintiff pertaining to the Lakins or their home. Brown Aff., ¶¶7, 8; see Braunsdorf Depo., p. 82 (admitting Plaintiff had no communications with Heritage concerning the Lakins). Rather, Heritage used plans by Chateaux Designs, formulated with input from the Lakins. Brown Aff., ¶¶3–6; see Braunsdorf Depo., pp. 88–89 (admitting he is unaware of any evidence that the Lakins provided Plaintiff's plans to Chateaux Designs).

On August 5, 2013, Plaintiff filed this lawsuit against Heritage and the Lakins, claiming infringement under the Copyright Act and certain state-law claims. See Complaint. Plaintiff did not file a Copyright Certificate of Registration with its Complaint, but instead filed a webpage

printout in support of its claim.  See id., Ex. B, attached as **Exhibit 3**.  This printout purports to represent a registered copyright for Plaintiff's "Reyesmont Plan."  See id.  The printout does not mention the Lakin Plan, nor does it otherwise reference any work for the Lakins.  Id..

The Lakin Plan differs markedly from the Reyesmont Plan, which is one of Plaintiff's standard floorplans.  See Deposition of Pamela Cinelli ("Cinelli Depo."), Ex. CC, attached as **Exhibit 4**; see also Exhibit 1.  The Lakin Plan makes no reference to the Reyesmont Plan, and includes, among others, the following differences: (1) no formal dining room, (2) a hearth room, (3) a second story to the great room, (4) a balcony in the master bedroom, (5) no tub in the master bathroom, and (6) different elevation of the home.  See id.; Exhibit 2; see also Cinelli Depo., Ex. F; id., pp. 51–65, 114–15.  Indeed, differences between the plans are obvious upon inspection.  See Ex. 1; Ex. 2.

Even Plaintiff's owner, Mark Braunsdorf, admits Plaintiff does not copyright all of its designs, and can't say whether he's "ever seen" a Certificate of Registration for the Reyesmont Plan.  Braunsdorf Depo., p. 25, 83–34.  He further admits Plaintiff designed the Reyesmont Plan for a family named Reyes in 2007, and that the Reyesmont Plan differs from the Lakin Plan.  Id., pp. 32, 98.  Braunsdorf does not even know whether the *Lakin Plan* was ever submitted to the Copyright Office for registration:

> Q: And my question is:  Do you know one way or another whether or not both of the floor plans that we see, the one dated May 26th, 2011 and then two pages past that, the one dated June 28th, 2011 -- do you know whether both of these floor plan versions were submitted to the copyright office?
>
> Braunsdorf: As I previously testified, I do not.

Id., p. 155; see id., p. 97 (admitting he is unaware of whether the Lakin Plan was submitted to the Copyright Office for registration).

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Heritage now moves for summary judgment. Plaintiff has failed to prove it has a registered copyright to protect, and, even if it did, that this copyright applies to the drawings at issue: the Lakin Plan. Plaintiff's remaining state-law claims are likewise poorly taken.

## II. LAW & ANALYSIS

### A. No genuine issue of material fact exists as to Plaintiff's copyright claim against Heritage.

#### 1. Plaintiff has no registered copyright for the Lakin Plan.

The Copyright Act requires "pregistration or registration of the copyright claim" before a party can bring a "civil action for infringement of the copyright." 17 U.S.C. § 411(a). This Court follows a strict "registration approach," meaning "the copyright is 'registered' only when the Copyright Office passes on the material submitted by the applicant." Opinion & Order 05/09/14, Dkt. #23, p. 5 (quoting Schenck v. Orosz, No. 3:13-CV-0294, 2013 U.S. Dist. LEXIS 160690, *23–24 (M.D. Tenn. Nov. 7, 2013)); see Allure Jewelers, Inc. v. Ulu, No. 1:12CV91, 2012 U.S. Dist. LEXIS 134440, *5–6 (S.D. Ohio Sept. 20, 2012) (dismissing a copyright claim when the plaintiff failed to obtain copyright registrations until after filing suit); Ripple Junction Design Co. v. Olaes Enters., No. 1:05-CV-43, 2005 U.S. Dist. LEXIS 32866, *8–9 (S.D. Ohio Sept. 8, 2005) ("[M]erely filing an application for registration is insufficient to satisfy the condition precedent to filing an infringement suit.").

Here, Plaintiff has no registered copyright to protect. First, Plaintiff provides no Certificate of Registration for the Reyesmont Plan, but only a webpage printout. This Court has already acknowledged the document attached to Plaintiff's Complaint "does not necessarily resemble an official copyright registration document." Opinion & Order 05/09/14, Dkt. #23, p. 6; see 17 U.S.C. § 410(a). Although this Court refrained from dismissing Plaintiff's claim at the pleadings stage, Plaintiff has still failed to show it registered the copyright prior to filing this

lawsuit; an unverified webpage printout does not prove "the Copyright Office passe[d] on the material submitted by the applicant."

Second, Plaintiff does not have a copyright for the *Lakin Plan*, upon which it bases its copyright claim. As set out above and apparent from the plans themselves, **the Lakin Plan is not the same as the Reyesmont Plan.** Thus, even assuming *arguendo* Plaintiff possesses a valid copyright in the *Reyesmont* Plan, this copyright does not extend to the *Lakin* Plan.

### 2. Even assuming *arguendo* Plaintiff has a registered copyright for the Lakin Plan, Heritage did not infringe upon it.

Copyright infringement can be direct, contributory, or vicarious, although the lines between these different types of infringement "are not clearly drawn." MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 931 n.9 (2005). Here, even assuming *arguendo* Plaintiff has a registered copyright for the Lakin Plan, Heritage is not liable for copyright infringement under any available theory.

#### a. *A direct copyright infringement claim fails against Heritage.*

The elements of a direct copyright infringement claim are (1) ownership of the copyright by the plaintiff and (2) copying by the defendant. Bridgeport Music, Inc. v. UMG Recordings, Inc., 585 F.3d 267, 274 (6th Cir. 2009) ("BMI I"). To establish a defendant has copied a copyrighted work, a plaintiff must either introduce (1) direct evidence of the defendant's copying or (2) prove it indirectly by showing the defendant had access to the plaintiff's work and a substantial similarity between it and the defendant's work, thus giving rise to an inference of copying. BMI I, 585 F.3d at 274.

Here, even assuming *arguendo* Plaintiff has a registered copyright in the Lakin Plan, Heritage did not directly infringe upon Plaintiff's copyright. Heritage did not copy the Lakin Plan or even have access to it. Indeed, it is undisputed the Lakins never provided the Lakin Plan,

or any other of Plaintiff's drawings, to Heritage. Heritage did not even prepare the allegedly offending plans, but outsourced this preparation to Chateaux Designs. Although the Complaint states "[u]pon information and belief, the Lakins provided the Copyrighted Compass Design to Heritage," no evidence actually supports this allegation.

### b. *A contributory infringement claim fails against Heritage.*

Liability for contributory infringement derives from the defendant's relationship to the direct infringement. NCR, 512 F.3d at 816. Contributory infringement occurs when one, *with knowledge of the infringing activity*, induces, causes, or materially contributes to the infringing conduct of another. BMI II, 508 F.3d at 398; see Grokster, 545 U.S. at 930 ("One infringes contributorily by intentionally inducing or encouraging infringement."). That is, a plaintiff must allege: (1) direct copyright infringement by a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) defendant's material contribution to the infringement. NCR, 512 F.3d at 816.

Here, even assuming *arguendo* Plaintiff has a registered copyright in the Lakin Plan, Heritage did not contributorily infringe upon Plaintiff's copyright. Heritage was unaware of any direct infringement *by the Lakins*. Again, the Lakins never provided the Lakin Plan, or any other of Plaintiff's drawings, to Heritage. Heritage was not directly involved in the preparation of the allegedly offending plans, but outsourced this preparation to Chateaux Designs. Furthermore, no evidence shows Heritage intentionally induced or encouraged the Lakins to directly infringe the copyright. Indeed, given Heritage hired Chateaux Designs to prepare a plan for the Lakins, it makes no sense that it would meanwhile encourage the Lakins to use the Plaintiff's drawings, which Heritage had never even seen.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

    *c.  A claim for vicarious copyright infringement against Heritage fails.*

A party vicariously liable for copyright infringement only if (1) it enjoys a direct financial benefit from the infringing activity and (2) has the right and ability to supervise the infringing activity. Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 398 (6th Cir. 2007) ("BMI II"); see Grokster, 545 U.S. at 930 (2005) (A party "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it"); Sony Corp. v. Universal City Studios, 464 U.S. 417, 435 (1984) (finding vicarious liability to apply to copyright law because it is "imposed in virtually all areas of the law," despite the Copyright Act's failure to explicitly authorize it). There can be no secondary liability absent primary infringement. Gordon v. Nextel Communs., 345 F.3d 922, 926 (6th Cir. 2003); see Sony, 464 U.S. at 434 ("To prevail, they have the burden of proving that users of the Betamax have infringed their copyrights and that Sony should be held responsible for that infringement.").

Here, even assuming *arguendo* Plaintiff has a registered copyright in the Lakin Plan, Heritage did not vicariously infringe upon Plaintiff's copyright. The Lakins did not directly infringe upon Plaintiff's copyright, and Heritage cannot be vicariously liable absent primary infringement. Heritage did not enjoy a direct financial benefit from the alleged infringing activity nor did it have the right and ability to supervise said activity. Heritage contracted with Chateaux Designs, which prepared the plans used by the Lakins; Heritage did not receive "free" plans from Plaintiff. Furthermore, the Lakins worked *with Chateaux Designs* to prepare the plans, a process over which Heritage had no supervision or control.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**B.     The Copyright Act pre-empts Plaintiff's unjust enrichment claim *against Heritage*.**

The Copyright Act generally preempts state-law claims that resemble those brought under federal law. 17 U.S.C. § 301(a). Determining whether the Copyright Act preempts a state-law claim involves a two-step process "highly dependent upon the facts presented and the claims actually pled by the parties." Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 636 (6th Cir. 2001), *abrogated on other grounds by* Elsevier v. Muchnick, 559 U.S. 154 (2010). For preemption to apply under the first step, the work at issue must be "within the scope of the 'subject matter of the copyright,' as specified in 17 U.S.C. §§102, 103." Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001). The second step, equivalency, requires the court to apply "a functional test to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act." Stromback v. New Line Cinema, 384 F.3d 283, 301 (6th Cir. 2004) (internal quotation marks omitted); see 17 U.S.C. § 301(a).

Here, the Copyright Act pre-empts Plaintiff's unjust enrichment claim against Heritage. As this Court noted, the parties agree the first step of the pre-emption analysis is satisfied. Opinion & Order, 05/09/14, Dkt. #23, p. 7 (quoting 17 U.S.C. § 102(a)(8)). Under the second step, all evidence shows Plaintiff's unjust enrichment claim *against Heritage* is equivalent to its claim under the Copyright Act. This Court has acknowledged Plaintiff "seeks to vindicate the same rights with both its unjust enrichment and copyright claim." Id., p. 9. It refrained from dismissing Plaintiff's unjust enrichment claim on pre-emption grounds at the pleadings stage based only on Plaintiff's "less than compelling" claim it had a contract implied-in-fact *with the Lakins*; this purported contract added an "extra element" to the unjust enrichment claim *against the Lakins*. Id., p. 11. Although no evidence suggests such a contract exists, even if it did, this

- 8 -

has no bearing on Plaintiff's unjust enrichment claim *against Heritage*, which had no such contract implied-in-fact with Plaintiff. Indeed, Plaintiff does not allege otherwise, or even claim to have had any contact or communication with Heritage.

### C. No genuine issue of material fact exists as to Plaintiff's conversion claim against Heritage.

Under Ohio law, "conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. Gen. Motors Corp., 49 Ohio St.3d 93, 96, 551, N.E.2d 172, 175 (Ohio 1990). This Court dismissed the bulk of Plaintiff's conversion claim on pre-emption grounds, but a portion survived based on Plaintiff's claim that Defendants had retained Plaintiff's original drawings and designs. Opinion & Order, 05/09/14, Dkt. #23, pp. 12–13. In fact, Heritage had never possessed, or even seen, Plaintiff's drawings and designs before the institution of this litigation. Plaintiff has no evidence showing otherwise. Accordingly, no basis exists for Plaintiff's conversion claim against Heritage.

### III. CONCLUSION

No genuine issue of material fact exists as to Plaintiff's claims against Heritage. Accordingly, Heritage respectfully requests this Court dismiss all claims against it.

Respectfully submitted,

*/s/ Stephen C. Findley*
_____
Stephen C. Findley (0010715)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, OH 43215-4247
(614) 827-7300; (614) 827-7303 (fax)
sfindley@ffalaw.com
*Counsel for Defendant Heritage The Green Builders, LLC d/b/a Heritage Homes*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 15th day of October 2014, via the Court's electronic filing system upon the following:

Christopher T. O'Shaughnessy (0069004) (Trial Attorney)
Jason R. Harley (0083761)
WELIN, O'SHAUGHNESSY + SCHEAF, LLC
240 N. Fifth Street, Suite 300
Columbus, OH 43215
cto@wos-law.com
jason.harley@wos-law.com
*Attorneys for Plaintiff, Compass Homes, Inc.*

John M. Kuhl (0080966)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 E. Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-6400; (614) 719-5129 (fax)
jmkuhl@vorys.com
*Counsel for Defendants, David C. and Britt M. Lakin*

                                                */s/ Stephen C. Findley*
                                                Stephen C. Findley (0010715)