UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COMPASS HOMES, INC.,

    Plaintiff,

v.

    Case No. 2:13-cv-779
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Norah McCann King

HERITAGE CUSTOM HOMES,
LLC, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. (ECF Nos. 46, 48, 49.) For the reasons that follow, the Lakins' and Heritage Custom Homes, LLC's motions (ECF Nos. 48 & 49) are **GRANTED** with respect to the copyright claim and Compass Homes, Inc.'s motion (ECF No. 46) is **DENIED**. The Court **DISMISSES WITHOUT PREJUDICE** Compass's state-law claims.

### I. BACKGROUND

In May 2011, David and Britt Lakin approached Compass because they sought to build a new home. (Braunsdorf Aff. ¶¶ 7-9; ECF No. 46-1.) Compass drafts architectural designs and then builds houses from those designs. (Braunsdorf Aff. ¶ 3.) The Lakins told Compass that $380,000 was their "max budget" for both purchasing a lot and constructing the house. (Lakin Dep. at 25-26, 42; ECF No. 45-1.)

The parties offer different narratives as to how Compass rendered designs for the Lakins. According to Compass, Britt expressed an interest in the company's Kingston design, with

1

certain modifications. After telling her that the Kingston was not suited for the neighborhoods that the Lakins were considering, Compass asserts that it "offered to generate a design . . . not based upon the Kingston, and the Lakins expressed an interest in having Compass do so." (Braunsdorf Aff. ¶¶ 7-9, 11-14.) Meanwhile, the Lakins maintain that Britt provided Compass with her own hand drawn floor plans from scratch. (Lakin Dep. at 18-20.) The Lakins then received a floor plan design from Compass, which the couple viewed as an "iteration of [Britt's] first drawing" that incorporated her ideas. (Lakin Dep. at 36-37.)

Upon reviewing these initial designs, the Lakins discussed with Compass changes to the layout. (Lakin Dep. at 40-41.) Compass then provided the couple with a revised floor plan. (Lakin Dep. at 51.) These revised plans, dated June 28, 2011 and titled "The LAKIN Residence," are the plans that Compass purports to have copyrighted. (Braunsdorf Aff. ¶ 14.) Compass attached to the design a statement that reads:

> COPYRIGHT 2011
> ALL DRAWING AND WRITING MATERIAL APPEARING HEREIN CONSTITUTE THE ORIGINAL AND UNPUBLISHED WORK OF COMPASS HOMES INC. AND/OR THE SAME MAY NOT BE COPIED USED DISCLOSED OR CONSIGNED TO A THIRD PARTY WITHOUT THE EXPRESS WRITTEN CONSENT OF COMPASS HOMES INC. WHICH RETAINS THE COMMON LAW COPYRIGHT TO THIS MATERIAL.

(Design; ECF No. 46-3.)

On May 4, 2012, Compass asserts that it registered the design with the U.S. Copyright Office. (Braunsdorf Aff. ¶ 19; Print Out; ECF No. 46-5.) But the defendants maintain that this never happened.

The Lakins eventually grew dissatisfied with Compass. One source of frustration was that Compass did not allow them to sufficiently customize their house. (*See* Lakin Dep. at 45 (voicing frustration that Compass allowed them to buy only a few items for their proposed

house).) Then, Compass quoted the Lakins a price of $517,000, an amount $137,000 over their budget. (Lakin Dep. at 60, 63.)

After deciding not to go forward with Compass, the Lakins turned to Heritage Custom Homes, LLC. (Braunsdorf Aff. ¶ 20; Lakin Dep. at 62-63.) The Lakins assert that they provided Heritage with website links showing plans they liked, their own hand drawn floor plan drawn, and a list of "wants" for their home. (Brown Dep. at 41-42, 52, 54; ECF No. 43-1; Lakin Aff. ¶ 3; ECF No. 49-1; Lakin Dep. at 71-72.) But, Compass maintains that the hand-drawn sketch that the Lakins gave to Heritage is nevertheless a copy of the Lakin Plan that Compass designed. (Braunsdorf Aff. ¶ 24.) Heritage built the house, and according to Compass, used plans that were "virtually identical" to its Lakin Plan. (Braunsdorf Aff. ¶ 26.)

Compass filed suit against the Lakins and Heritage, alleging copyright infringement and ancillary state-law claims. The defendants moved for judgment on the pleadings, arguing that the copyright claim should be dismissed because Compass did not register its Lakin design with the copyright office as required by law. The Court found a facially plausible claim of registration, but noted that the document Compass attached to its complaint and claimed to be a copyright registration did "not necessarily resemble an official copyright registration document," and so allowed the defendants to renew this argument at summary judgment. (Opn. & Order at 4-5; ECF No. 23.) The state-law claims of unjust enrichment and conversion also survived the defendants' motion for judgment on the pleadings to the extent that these claims were not preempted by the Copyright Act.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

Here, the parties have filed cross-motions for summary judgment. Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that he or it is entitled to a judgment as a matter of law. The fact that one party

fails to satisfy that burden on his or its own Rule 56 motion does not automatically indicate that the opposing party or parties has satisfied the burden and should be granted summary judgment on the other motion. In reviewing cross-motions for summary judgment, courts should "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). "The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 705 (5th Cir.1985)). The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by one party to the litigation. *Taft Broad.*, 929 F.2d at 248.

### III. ANALYSIS

#### A. Copyright Registration

A plaintiff cannot bring a claim under the Copyright Act "until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier v. Muchnick*, 559 U.S. 154, 166 (2010) (holding § 411(a) imposes a non-jurisdictional precondition to filing suit). "[D]istrict courts within this circuit have uniformly concluded that . . . claims premised on unregistered copyrights must be dismissed in light of § 411(a)." *Schenck v. Orosz*, No. 3:13-CV-0294, 2013 WL 5963557, at *7 (M.D. Tenn. Nov. 7, 2013).

The defendants move for summary judgment, highlighting that Compass has not filed with the Court a certificate of copyright registration or otherwise offered evidence establishing

registration. *See Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) ("Where a defendant shows a lack of evidence on any particular element of the claim at issue, the plaintiff has the burden of offering affirmative evidence from which a reasonable fact finder could find in his favor."). Compass responds by arguing that the certificate is unnecessary as it offered sufficient evidence of registration, pointing to its CEO's affidavit and a webpage printout. Neither helps Compass show that it registered the Lakins' design.

First, Compass points to the affidavit of its President and CEO Mark Braunsdorf. There, Braunsdorf averred that "Compass registered the Copyrighted Compass Design with the United States Copyright Office" in May 2012. (Braunsdorf Aff. ¶ 19.) But "affidavits submitted in support of, or in opposition to, motions for summary judgment [must] include facts based on personal knowledge, and that personal knowledge must be evident from the affidavit," *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 787 (S.D. Ohio 2013) (internal quotation marks omitted); *see also See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

The record here establishes that Braunsdorf lacks personal knowledge of any copyright registration of the Lakins' design. At his deposition, he acknowledged that Compass does not register all of its designs and that he "d[id]n't know exactly what [his attorney] submitted" to the copyright office at the time the application for a copyright registration was submitted. (Braunsdorf Dep. at 97.) When specifically asked whether the designs done for the Lakins were submitted to the copyright office, he responded "I don't know." He elaborated that he *thought* one (of the Lakins' two) designs had been submitted, but could not say "for sure." (*Id.*) When asked once more whether he knew "one way or another whether or not both of the floor plans"

6

that were done for the Lakins "were submitted to the copyright office," Braunsdorf replied "I do not." (Braunsdorf Dep. at 155.) And, Braunsdorf could not say whether he had "ever seen" a certificate of registration for the Lakins' design. (Braunsdorf Dep. at 25-26, 83-84, 96.) Thus, at his deposition, Braunsdorf lacked knowledge about the copyright registration that Compass purports to possess. His subsequent affidavit and Compass's summary judgment briefing offer no explanation as to why the CEO now has personal knowledge on what design was registered, and thus the Court finds this affidavit insufficient to raise a genuine issue as to registration of the Lakin design. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to support or oppose a motion must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated."); *see also S.E.C. v. Art Intellect, Inc.*, No. 2:11-CV-357, 2013 WL 840048, at *12-14 (D. Utah Mar. 6, 2013) (striking affidavit where the "deposition show[ed] that [the affiant] lacks personal knowledge of many of the facts set forth in his affidavit"); *see also Howard v. Malcolm*, 658 F. Supp. 423, 431 (E.D.N.C. 1987) (refusing to credit affidavit where affiant showed a lack of personal knowledge at his deposition); *cf. Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony.").

Second, Compass offers a webpage printout that, according to the company, "evidenc[es] Compass's registration" of the design at issue. (Braunsdorf Aff. ¶ 19.)[1] But assuming this

---

[1] For purposes of this analysis, the Court assumes that this document has been properly authenticated. But, the Court notes that Braunsdorf attached this document to his affidavit without explaining what this document is or stating how it "evidenc[es]" the copyright registration. And Braunsdorf's deposition testimony shows that he lacks personal knowledge about this document. When asked what this document was at his deposition, he replied that "[i]t's a piece of paper with a bunch of words on it," before elaborating that he knew it "ha[d] to do with copyright" but admitted that he did not know where it came from. (Braunsdorf Dep. at

document represented a registered copyright, the Court is unable to discern what interest is protected by copyright. The document does not mention the Lakins or the design titled "The LAKIN Residence." Rather, it references the "Reyesmont Plan," a title that nowhere appears in the sketches that Compass provided the Lakins.

Nevertheless, Compass asserts that the Lakins' design is the Reyesmont Plan. Braunsdorf testified at his deposition that a "version of the Reyesmont plan was created for the Lakins" and that he decided to copyright the design after he drove by their house and "saw that they stole [his] plan." (Braunsdorf Dep. at 32-33.)

But even if Compass's design for the Lakins was called the "Reyesmont Plan," the Court is unable to confirm registration of the design at issue. Compass offers no testimony or other evidence that the Lakins' plan was submitted to the copyright office. And, multiple Reyesmont plans exist. The initial version of the Reyesmont Plan was designed for the "Reyes" family years before Britt Lakin approached Compass. (Braunsdorf Dep. at 32.) That original plan is posted on Compass's website and the Lakins' plan, according to Braunsdorf, is "derivative" of that plan. (*Id.* at 32, 98.) But the webpage printout does not show whether it refers to the design for the Reyes, the Lakins, or some other Compass customer. Thus, the Court concludes that Compass has not met its burden to show that it registered the design it created for the Lakins. *See Lyles v. Capital--EMI Music Inc.*, No. 2:12-CV-00751, 2012 WL 3962921, at *3-4 (S.D. Ohio Sept. 11, 2012) *report and recommendation adopted*, No. 2:12-CV-00751, 2012 WL 5378873 (S.D. Ohio Oct. 30, 2012) (holding plaintiff has burden to prove that the creation it seeks to protect in its copyright claim is actually included in the scope of the underlying copyright registration); *see*

---

29-30.) His affidavit nowhere explains why he is now in a better position to weigh in on this exhibit. *See Frisch v. Nationwide Mut. Ins. Co.*, No. 2:12-CV-415, 2013 WL 210732, at *5 (S.D. Ohio Jan. 18, 2013) (striking documents attached to affiant's affidavit who lacked personal knowledge of documents' authenticity).

*also Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 3:10-CV-2524-BH, 2012 WL 4119111, at *5 (N.D. Tex. Sept. 18, 2012) ("Without the schedule, certificates of registration and other supporting documentation, Lloyd's declaration is insufficient to establish authorship, compliance with the formalities of the copyright laws and proprietorship of the copyrights involved in this case.").[2]

To the extent that Compass requests an extension to discovery so that it can submit proof of registration, this request is denied. The Court previously directed Compass to file "the certificate of registration for the copyright and attachments or an explanation as to why it is unable to do so." (ECF No. 59.) Compass did not file its certificate and attachments, instead asserting that it was still awaiting its certificate from the Copyright Office that it requested. (Resp. at 1; ECF No. 60.) But Compass' request to the Copyright Office came after the close of discovery and after the first round of summary judgment briefing. Moreover, Compass opposed extending discovery prior to submitting its request. (*See* Order; ECF No. 42.) And, the registration issue has been debated since the first motion was filed in this case well over a year ago. (*See* Mot. Judg. on Pleadings at 2-3; ECF No. 10 (arguing that Compass failed to meet *Muchnick*'s precondition of a certificate of registration); *see also* Braunsdorf Dep. at 149-50 (regarding the absence of the registration certificate, plaintiff's counsel stated, "I will make an investigation into the existence of a written application as well as a written certificate of registration and produce those to the extent they exist.").). *See also Compass Homes, Inc. v. Trinity Health Grp., Ltd.*, No. 2:13-CV-647, 2014 WL 1266851, at *4 (S.D. Ohio Mar. 26, 2014)

---

[2] Compass also refers to requests for admissions. These requests for admission, however, do not show registration. (*See* Lakins' Resp. to Requests for Admissions at 3; ECF No. 46-9 (objecting "to Each Request to the extent it seeks to define terms and/or characterize the evidence"); *see also* Heritage's Resp. to Requests for Admissions at 3; ECF NO. 46-10 ("Heritage objects to Compass's definition of 'Copyright Compass Design' as Heritage disputes that Compass properly copyrighted any design.").

(requiring this plaintiff to re-file its complaint with the certificate of registration attached). Under these circumstances, the Court finds extending discovery inappropriate. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) ("The overarching inquiry in the[] . . . factors [to consider] is whether the moving party was diligent in pursuing discovery.").

**B. State-Law Claims**

The defendants also move for summary judgment on Compass's state-law claims for conversion and unjust enrichment. Although the Court may, in its discretion, retain supplemental jurisdiction over these claims, well-settled precedent establishes that pendent state-law claims should normally be dismissed when the federal claims are dismissed prior to trial. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). In deciding whether to retain jurisdiction over the state claims, the Court "consider[s] the interests of judicial economy and the avoidance of multiplicity of litigation and balance[s] those interests against needlessly deciding state law issues." *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (citation omitted).

These factors counsel the Court to dismiss Compass's state claims. The Court discerns no substantial savings in judicial resources that outweigh the interest in needlessly avoiding state-law issues. *See id.*; *cf. Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) ("[O]verwhelming interests in judicial economy may allow a district court to properly . . . decide a pendent state claim even if the federal claim has been dismissed before trial."). And the Court finds no undue amount of wasted time or duplicative effort resulting from Compass having to re-file its state-law claims in state court. *See Hankins*, 84 F.3d at 803. Because discovery is complete, there is no reason to think additional discovery will be necessary should Compass re-file its state-law claims in state court. *See id.*

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Lakins' and Heritage's motions for summary judgment (ECF Nos. 48 & 49) with respect to the copyright claim and **DENIES** Compass's motion for summary judgment (ECF No. 46). Compass' remaining state-law claims are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

2-4-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**