UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COMPASS HOMES, INC.,

        Plaintiff,

                                Case No. 2:13-cv-779
    v.                           CHIEF JUDGE EDMUND A. SARGUS, JR.
                                Magistrate Judge Norah McCann King

HERITAGE CUSTOM HOMES,
LLC, et al.,

        Defendants.

## OPINION AND ORDER

This case returns to the Court on Plaintiff Compass Homes, Inc.'s Motion for Relief from Judgment, or in the Alternative, to Alter or Amend Judgment (ECF No. 66). For the reasons that follow, that motion (ECF No. 66) is **DENIED**. Also before the Court are Defendant Heritage Custom Homes, LLC's Motion for Attorney Fees (ECF No. 65) and Defendant Britt and David Lakin's Motion for Attorney Fees (ECF No. 71). As detailed below, those motions (ECF Nos. 65 & 71) are **GRANTED**.

### I. MOTION FOR RELIEF FROM JUDGMENT OR TO ALTER JUDGMENT

Compass moves for relief from judgment from this Court's February 4, 2015 Opinion and Order (ECF No. 63) that granted summary judgment to Heritage and the Lakins on Compass's copyright infringement claim. The Court held that Compass could not prevail on its copyright infringement claim because it put forth no evidence raising a genuine issue as to whether the company registered the allegedly infringed design with the Copyright Office, a necessary element of its claim. (*See* Feb. 4, 2015 Opn. & Order at 6-9; ECF No. 63.) Specifically,

1

Compass did not offer the certificate of copyright registration, and the two pieces of evidence offered in its stead were inadequate for different reasons. (*Id.* at 5-6.)  First, the affidavit from Compass's CEO attesting to the design's registration could not carry the company's case forward because he did not display any personal knowledge of the matter. (*Id.* at 6-7.)  *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to support or oppose a motion must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated.").  Second, the webpage printout that purportedly established registration did not suffice because the Court could not discern whether it related to the design at issue or an unrelated design. (*Id.* at 7-9.)  The Court thus entered judgment in favor of Heritage and the Lakins. (ECF No. 64.)

Nearly a month later, Compass filed a motion for relief from judgment, arguing that Fed. R. Civ. P. 60(b)(2) frees it of that decision because it obtained the certificate of registration from the Copyright Office.[1]  That rule allows the Court to relieve a party from a judgment for "newly

---

[1] Compass filed a notice of appeal (ECF No. 67) of this Court's summary judgment decision but asked that the Court nevertheless rule on its post-judgment motion.  A district court generally lacks jurisdiction to consider a Rule 60(b) motion while an appeal is pending. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005).  But "an appellant seeking Rule 60(b) review could 'file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the court of appeals] for a remand of the case in order that the District Court may grant the motion[.]'" *Huffman v. Speedway LLC*, No. 14-1668, --- F. App'x --- -, 2015 WL 3973325, at *3 (6th Cir. July 1, 2015) (quoting *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976) (per curiam)).  Here, the record does not indicate that Rule 60(b) relief is warranted, and so the Court will deny the motion. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, No. 05-2479, 2007 WL 2733336, at *7 (6th Cir. Sept. 19, 2007) (per curiam) ("On the other hand, when the district court intends to  deny a Rule 60(b) motion during the pendency of an appeal, no special procedures need be utilized by the movant or by the district judge"); *Schewchun v. Edwards*, 815 F.2d 79, 1987 WL 36402, at *1 (6th Cir. 1987) (table) (hearing the merits of Rule 60(b) motion after district court denied it while appeal was pending); *see also Flynt v. Brownfield, Bowen & Bally*, 726 F. Supp. 1106, 1108 (S.D. Ohio 1989) (noting that district court may entertain Rule 60(b) motion during pendency of appeal); *see also U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, No. 4:85-CV-415, 1991 WL 496543, at *1 (W.D. Mich. Apr. 12, 1991) (same).

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation," and so the movant bears the burden of establishing the grounds for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citation omitted).  To obtain relief, Compass "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment."  *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks omitted).  Because Compass has not carried its burden on the first element, the Court offers no commentary on the second.

Before diving into the analysis, the Court notes that Compass appears to ground its motion on a misunderstanding of this Court's prior decision, as it frequently attributes its earlier loss to not submitting the relevant certificate of registration.  (*See, e.g.*, Reply at 1-2, 8, 11-13; ECF No. 73.)  Indeed, it alleges to be a victim of "the rules . . . chang[ing] mid-litigation such that certain documents [were] deemed necessary."  (Reply at 11; ECF No. 73; *but see* Compass Mot. at 12; ECF No. 66 (acknowledging that the "basis for the Court's judgment was Compass's perceived inability to produce its copyright registration *and evidence that it had, in fact, registered* the design it prepared for the Lakins.") (emphasis added).)  But the Court's prior order held that Compass offered no evidence of registration—certificate or otherwise—to raise a genuine dispute as to the registration of the design at issue.  (Feb. 4, 2015 Opn. & Order at 6-9; ECF No. 63.)  True, after all of the summary judgment briefs were filed and before ruling on those motions, the Court directed Compass to produce the certificate of registration.  (ECF No. 59.)  But the Court offering Compass one extra, final opportunity to offer evidence to bolster a

fundamental element of its claim, which the parties disputed for over a year, cannot be characterized as changing the rules on Compass to require certain proof. If anything changed, it was the case's scheduling order mandating that all dispositive motions with supporting evidence be submitted months earlier, and it changed to Compass's benefit. Compass was simply unable to benefit from this accommodation.

Moving on to the merits, Compass fails to carry its burden here because it did not diligently obtain the certificate of registration. The certificate would have become available on April 18, 2012—when Compass purportedly registered the design—yet Compass declined to request it until October 28, 2014.

During this lengthy period, many opportunities called for securing the certificate (or obtaining and offering other sufficient evidence) to establish registration of the design at issue. Each time, Compass declined to do so. In August 2013, Compass filed suit without offering the certificate to support its claim, instead submitting a webpage printout that purportedly represented the certificate. (*See* ECF No. 2.) In October 2013, Heritage and the Lakins put Compass's lack of registration certificate in the crosshairs by moving for judgment on the pleadings and arguing that its absence warranted dismissal. (*See* Mot. at 2-3; ECF No. 10.) When this Court weighed in, it denied the defendants' motion, finding a "plausible claim" at that "early stage of litigation," but nevertheless held the webpage printout "does not necessarily resemble an official copyright registration document" and invited Defendants to "renew the issue at summary judgment." (May 9, 2014 Opn. & Order at 4-7; ECF No. 23.) In October 2014, almost five months after that decision and nearly a year after the issue was first raised in the defendants' motion, the discovery deadline lapsed and Compass had not requested the certificate. Compass opposed extending discovery, dispositive motions came due, and the Lakins and

Heritage renewed their lack-of-registration argument.  Almost two weeks after that, with all of these events in the rearview mirror, Compass requested the certificate for the first time. Compass showed no diligence in obtaining the registration.  (*See* Opn. & Order at 9; ECF No. 63 (holding Compass's lack of diligence in obtaining the certificate made extension of discovery inappropriate).)

Indeed, Compass does not explain any inability to obtain the certificate.  Instead, it highlights only its decision to not retrieve the certificate (it thought the evidence was unnecessary).  But "[t]he principle is well established that Rule 60(b) does not provide relief from free, calculated [and] deliberate choices."  *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985) (internal quotation marks omitted).  Compass knew of the certificate's existence (*see* Resp. at 2; ECF No. 60 (representing that certificate exists); *see also* Reply Summ. J. at 2-3; ECF No. 55 (asserting that lack-of-certificate argument "is irrelevant" because it produced other evidence purporting to establish registration)), yet declined to request it.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").  Instead, Compass tried to establish registration through other evidence.  Rule 60(b), however, is not designed to compensate for the shortcomings of Compass's initially-offered evidence when it knew all along about the registration certificate but declined to retrieve it.  *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (affirming denial of Rule 60(b)(2) motion where proffered evidence was publicly available before judgment was entered and the movants "presented no explanation for their failure to come forward with this evidence prior to" dismissal); *see also Rhoden v. Campbell*, 202 F.3d 269, 1999 WL 1206958, at *3-4 (6th Cir. 1999) (table) (per

curiam) (affirming denial of Rule 60(b) motion where plaintiff failed to explain why he could not obtain evidence during pendency of case); *cf. Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) ("Rule 60(b) . . . does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling.").

Resisting this conclusion, Compass argues that it had no way of knowing that it needed to provide the registration certificate and that upon learning that it did, it diligently obtained the evidence. First, not knowing to provide the certificate provides no reason to grant Rule 60(b)(2) relief. Compass should have known that it needed to support its claims with sufficient evidence. *See Coles v. Wonder*, 283 F.3d 798, 801-02 (6th Cir. 2002) (affirming summary judgment for defendant where plaintiff did not meet the deposit requirement and thus could not prove a valid copyright registration as part of his prima facie case). That it failed to offer such evidence to survive summary judgment, when the registration certificate may have yielded a different result, is of no moment here because "a newly discovered legal necessity [is] insufficient to meet the requirements of . . . Rule 60(b)(2)." *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-CV-2669 LAP, 2010 WL 3958841, at *3 (S.D.N.Y. Sept. 27, 2010) (holding a supplemental registration certificate not "newly discovered" evidence).

Second, Compass' claim that it diligently sought the certificate upon learning of the certificate-of-registration issue similarly falls flat. As outlined above, Compass was not diligent in waiting until October 28, 2014 to request the certificate, particularly in light of the issue being debated since the motion for judgment on the pleadings. Nevertheless, Compass claims to have learned about the need for the certificate at the September 2014 deposition of its CEO and that it "immediately took steps" to secure the certificate thereafter. Even using this mid-September 2014 date as a gauge, Compass did not request the certificate until October 28, 2014—six weeks

after the deposition, four weeks after discovery closed (which Compass opposed extending), and nearly two weeks after the Lakins and Heritage moved for summary judgment arguing once more that Compass's lack of registration should end the case. (*See* Oct. 15, 2014 Opn. & Order; ECF No. 42; Heritage Mot. Summ. J. at 4-5; ECF 48). Suffice it to say, Compass argument that it acted diligently in obtaining the registration certificate—whether from the start of the case or from the September 2014 deposition—fails to persuade.[2]

Compass's other various arguments leave this conclusion undisturbed. First, Compass claims that the Court indicated that reliance on the webpage printout was "sufficient" in its order denying motion for judgment on the pleadings. (Mot. at 10; ECF No. 66.) Not so. There, the Court—acknowledging that it "must accept as true the allegations made in the complaint"—held only that Compass alleged a facially plausible claim, and never excused Compass from its burden to support its claims with sufficient evidence at the summary judgment stage. Second, Compass asserts that the law does not require it submit a certificate of registration. The Court never held so. Indeed, the cases offered by Compass offer the same holding that this Court rendered: that the certificate need not be submitted to survive a motion for judgment on the pleadings. *See, e.g.*, *Imagineline, Inc. v. CafePress.com, Inc.*, No. CV 10-9794 PSG MANX, 2011 WL 1322525, at *3 (C.D. Cal. Apr. 6, 2011). Third, Compass revives its argument from summary judgment that it established registration through its CEO's deposition testimony. But that argument has already been rejected (Feb. 4, 2015 Opn. & Order at 6; ECF No. 63), and

---

[2] Compass also points to the Magistrate Judge's October 15, 2014 Opinion and Order to argue that "the Court held that it was Defendants—not Compass—that were not diligent in seeking documents." (Reply at 7; ECF No. 73.) There, the Magistrate Judge denied defendants' requests to extend discovery, noting that the document production claimed about had been made six months earlier, the defendants did not bring the complaint to the Court's attention beforehand, and it did "not appear that plaintiff was unreasonably resistant to defendant's discovery requests." (Oct. 15, 2014 Opn. & Order at 2; ECF No. 42.) This holding, however, nowhere excuses Compass of satisfying its evidentiary burden on summary judgment.

Compass's motion is not the appropriate vehicle to rehash that point. *See Hines v. Chandra*, No. 1:06 CV 2233, 2009 WL 3875238, at *1 (N.D. Ohio Nov. 18, 2009) ("[I]t is well-established in the Sixth Circuit that a Rule 59(e) and Rule 60(b) motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case.") (internal quotation marks omitted). In any event, the Court found that the CEO's affidavit could not establish registration of the design at issue because his deposition testimony reflected a lack of personal knowledge on that point. (*See* Opn. & Order at 6; ECF No. 63 ("The record here establishes that Braunsdorf lacks personal knowledge of any copyright registration of the Lakins' design.").) The excerpts that Compass points to now do not refute that. (*See* Reply at 9-11; ECF No. 73.)[3]

In the alternative, Compass asks this Court to amend its judgment under Fed. R. Civ. P. 59(e) to reflect a dismissal without prejudice so that it may refile its claims.[4] "Motions to alter or amend judgment may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "To constitute 'newly discovered evidence,' the evidence must have been previously

_____

[3] Because Compass did not exhibit diligence in obtaining the certificate of registration, the Court declines to comment on additional factors that Compass suggests weigh in its favor: whether the party seeking relief is culpable, whether the opposing parties would be prejudiced, and whether the movant has a meritorious claim or defense. *See Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.").

[4] This request does not appear to pose any jurisdictional issues. *See Meyers v. Hurst*, 7 F.3d 234, 1993 WL 413475, at *1 (6th Cir. 1993) (table) ("The district court did not lose jurisdiction to rule on the motion for reconsideration because the notice of appeal filed while a timely Rule 59(e) motion was pending had no effect.") (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 173-74 (1989)); *see also Brown v. Univ. Comprehensive Assessment & Training Servs.*, No. 12–cv–123–KSF, 2013 WL 1687886, *1-2 (E.D.Ky. Apr. 18, 2013) (determining that timely Rule 59(e) motion kept jurisdiction with district court because notice of appeal was filed while motion was pending).

unavailable." *Id.* As discussed above, the certificate was previously available; Compass simply declined to secure it until after the close of discovery and the filing of the summary judgment motions. Rule59(e) is therefore inapplicable. *See Frontera v. City of Columbus*, No. 2:06-CV-1046, 2009 WL 2898555, at *2 (S.D. Ohio Sept. 8, 2009) *aff'd sub nom. Frontera v. City of Columbus Div. of Police*, 395 F. App'x 191 (6th Cir. 2010) (explaining that Rule 59(e) should not "be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before"); *Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005) ("[Rule 59(e)] does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.").

Last, Compass argues that summary judgment is inappropriate because it adduced evidence of its registration. But neither Rule 59(e) nor Rule 60(b) provides the appropriate vehicle to introduce this untimely evidence. The time for Compass to carry its summary judgment burden has come and gone. Now, it is too late.

Compass's Motion for Relief from Judgment, or in the Alternative, to Alter or Amend Judgment (ECF No. 66) is **DENIED**.

## II. MOTIONS FOR ATTORNEY'S FEES

### A. Decision to Award

Both Heritage and the Lakins move for attorney's fees pursuant to 17 U.S.C. § 505.[5] (ECF Nos. 65 (Heritage) & 71 (Lakins).) That statute provides the Court discretion to "allow the

---

[5] The Court retains jurisdiction to assess the motions for attorney's fees because the filing of a notice of appeal does not divest a district court of jurisdiction over matters that are collateral to the main cause of action, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982),

9

recovery of full costs" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "The grant of fees and costs is the rule rather than the exception and [they] should be awarded routinely." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (internal quotation marks omitted). The Court should use its discretion to award fees "in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005). The Supreme Court has identified several nonexclusive factors to guide this Court's discretion, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

Attorney's fees are in order here. The Lakins and Heritage, as the parties who won summary judgment, are "prevailing part[ies]" under 17 U.S.C. § 505. *See Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004) ("[W]hen a defendant succeeds in having summary judgment entered in its favor on the copyright infringement claims asserted against it, that defendant can only be described as having 'prevailed.'"). And *Fogerty*'s factors, steered primarily by the objective unreasonableness of this case and the need for deterrence and compensation, chart the routine rule of awarding fees and costs as the appropriate course.

**1. Objective Unreasonableness**

Compass's action was objectively unreasonable. A plaintiff cannot bring a claim under the Copyright Act "until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier v. Muchnick*, 559 U.S.

---

and the Supreme Court has held that attorney's fees are always a collateral matter, *see Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988).

154, 166 (2010). Thus, claims premised on unregistered copyrights must be dismissed. *See Schenck v. Orosz*, No. 3:13-CV-0294, 2013 WL 5963557, at *7 (M.D. Tenn. Nov. 7, 2013).

Despite this prerequisite, Compass declined to submit a certificate of registration with its complaint. (Though at that time, it represented to the Court that it did, pointing to a webpage printout, before later backing off that assertion. (*Compare* Compl. ¶ 14; ECF No. 2 *and* Resp. Mot. Judgment on Pleadings at 5; ECF No. 14, *with* Reply Mot. Summ. J. at 2-4; ECF No. 55.).) The defendants placed the issue squarely before the Court in their motion for judgment on the pleadings. (ECF No. 10.) Compass again decided to not secure the certificate. Though the Court held Compass need not provide the certificate at the pleadings stage, it expressly allowed the defendants to raise the issue anew at summary judgment. (May 9, 2014 Opn. & Order at 6; ECF No. 23.) Still, Compass refused to secure the certificate.

Instead, Compass represented to the Court at summary judgment that "[t]here is no dispute that Compass holds a copyright registration" (Mot. Summ. J. at 9; ECF No. 46)—an assertion clearly contradicted by the record—and offered evidence in lieu of the certificate that was inadequate to raise a genuine dispute as to registration of the design at issue. (*See* Feb. 4 Opn. & Order at 6-9; ECF No. 63.) Compass finally requested its certificate of registration on October 28, 2014—after the close of discovery, which it opposed extending, and nearly two weeks after the first summary judgment motions were filed. Because Compass delayed requesting the certificate, it could not provide it to the Court when given a final opportunity to establish registration before the Court ruled on summary judgment. (*See* ECF Nos. 59, 60.) It did not receive the registration certificate until February 26, 2015, nearly 19 months after it initiated this suit. (Harley Aff. ¶ 6; ECF No. 66-1.)

This record illustrates that Compass litigated this case devoid of any factual support for its claim of registration. Compass's action is akin to a plaintiff brining a breach of contract claim without first ensuring that its claim is appropriately rooted in the contract and without offering the contract to the opposing party. Indeed, when the Court resolved the summary judgment motions—nearly eighteen months after Compass brought suit—it was unable to determine what design was purportedly protected by copyright. (*See* Feb. 4, 2015 Opn. & Order at 8.) In these circumstances, Compass's action was objectively unreasonable. *See Coles*, 283 F.3d at 803 (affirming district court's finding of objective unreasonableness where plaintiff did not meet the deposit requirement and thus could not prove a valid copyright registration as part of his prima facie case); *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 513 (6th Cir. 2008) (affirming fees where claim was "frivolous, unreasonable, and deserving of deterrent action" because plaintiff "filed a complaint with no genuine idea as to whether a claim existed and, in failing to obtain the deposit materials, had exhibited a general indifference to the merits of the claim") (internal quotation marks omitted); *see also Dice Corp. v. Bold Technologies Ltd.*, No. 11-CV-13578, 2014 WL 2763618, at *20 (E.D. Mich. June 18, 2014) ("Plaintiff did not provide factual support for its copyright infringement allegations, and therefore the copyright claims were objectively unreasonable."); *cf. Ronald Mayotte & Associates v. MGC Bldg. Co.*, 149 F.3d 1184, 1998 WL 385905, at *2 (6th Cir. 1998) (table) (affirming denial of attorney's fees to plaintiff where "th[at] part[y] behaved so irresponsibly," including plaintiff's frivolous and objectively unreasonable responses to the other party's discovery requests concerning "the most basic elements of the case").

**2. Deterrence and Compensation**

Deterrence also weighs in favor of awarding fees here. Compass brought this suit before it was ready to litigate. And from August 5, 2013 until October 28, 2014, Compass litigated this case without attempting to secure the certificate of registration or otherwise offering evidence demonstrating a protectable interest.[6] This indifference to securing evidence of registration, and confirming the basis of its claim, while simultaneously pressing this lawsuit, is "deserving of deterrent action." *See Nat'l Bus. Dev. Servs*, 299 F. App'x at 513 (internal quotation marks omitted).

Indeed, Compass's conduct here is not far off from that displayed in another case that the company and its counsel brought in this Court. In *Compass Homes, Inc. v. Trinity Health Group, Ltd.*, No. 2:13-CV-647, 2014 WL 1266851 (S.D. Ohio Mar. 26, 2014), the Court, in resolving the defendants' motions to dismiss and for judgment on the pleadings, ordered Compass to file an amended complaint with its copyright registration attached because it initiated that lawsuit without first registering its design. *See* 2014 WL 1266851, at *4. Though Compass could have taken this cue to secure its registration certificate for this case where the issue already had been raised and the Court would allow the issue to be argued once more at summary judgment, it declined to do so. Instead, Compass pressed that its alternative evidence established registration at summary judgment, turning what should have been a straightforward inquiry into a protracted and unnecessary affair. Awarding fees here may deter Compass from filing future copyright lawsuits devoid of factual support for registration. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 628 (6th Cir. 2004) ("[A] party's litigation tactics

---

[6] Though Compass maintains that it attempted to secure the registration "within a few days after the September 15, 2014 deposition of" its CEO (Harley Aff. ¶ 4; ECF No. 66-1), it does not provide the date it started looking for the certificate and does not state how long it conducted this search before contacting the U.S. Copyright Office.

may weigh in favor of an award of fees when the conduct supports an inference concerning . . . a particular need for deterrence.").

With this in mind, Heritage and the Lakins should not have to bear the cost of Compass's litigation tactics. *See Bridgeport Music, Inc. v. Sony Music Entm't, Inc.*, 114 F. App'x 645, 651 (6th Cir. 2004) ("Litigation tactics may be relevant . . . when the conduct supports an inference concerning . . . a particular need for . . . compensation."). Although Heritage and the Lakins successfully defended against Compass's copyright claim, their motions for attorney's fees indicate that it came with a heavy price, and the defendants did not recover any award for their victory. When the prevailing party is the defendant who receives no award, the presumption in favor of awarding fees is very strong. *See Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) ("[W]ithout the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.") (internal citation omitted). Providing the defendants fees allow them to litigate against objectively unreasonable cases such as this one. *See Diamond Time*, 371 F.3d at 893 (instructing courts to consider "the need to encourage defendants who seek to advance a variety of meritorious copyright defenses . . . to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement[] and the fact that a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by a holder of a copyright") (internal quotation marks omitted); *Dice Corp.*, 2014 WL 2763618, at *20 ("An award of costs and fees to Defendant ensures that, despite the expense of litigation without any monetary award, they can defend against objectively unreasonable cases.").

Compass now points to its recently obtained registration certificate now and insists that it *could have* prosecuted a viable copyright claim. Maybe so, but this revelation serves only to bolster the need for deterrence and compensation in light of its earlier tactics and strategies.

In sum, the objective unreasonableness of this action, along with the need for deterrence and compensation, persuades the Court to follow "the rule rather than the exception" in granting attorney's fees. *See WB Music Corp.*, 520 F.3d at 592; *cf. id.* (noting that not every *Fogerty* factor must be found to weigh in favor of awarding fees). The inquiry now shifts to how much to award.

**B. Amount to Award**

Both Heritage and the Lakins propose calculating their attorney's fees using the lodestar method—an approach that establishes a "strong presumption" of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

Before getting started, one wrinkle must be ironed out that no party addresses: the effect of Compass's state-law claims on the motions for attorney's fees. Compass asserted three state-law claims. (*See* Compl.; ECF No. 2.) Its tortious interference claim was rejected at the pleadings stage because it was preempted by the Copyright Act. (*See* May 9, 2014 Opn. & Order at 13-15; ECF No. 23.) The defendants may recover for successful defense on this claim because it "involve[d] a common core of facts or [was] based on related legal theories." *Dice Corp.*, 2014 WL 2763618, at *21 (internal quotation marks omitted); *see* Compl. ¶ 44; ECF No. 2 (alleging Heritage tortiously interfered with business relations by "wrongfully using, creating, . . . and distributing the Infringing Plans, constructing the Residence based upon those plans, and

wrongfully using unauthorized copies or derivatives of the Copyrighted Compass Design in its promotional materials"). The other two claims (unjust enrichment and conversion) survived the pleadings stage, however, only to be dismissed without prejudice at summary judgment. "The dismissal of the state law claims without prejudice did not confer on the Defendants prevailing party status pursuant to § 505 and no attorney's fees may be awarded for legal services rendered as to those claims." *Collins v. Volz*, No. 1:12CV45, 2013 WL 1829659, at *2 (W.D.N.C. May 1, 2013). These claims, which largely involved the same allegations as the copyright claim and the legal question of preemption, took up little of the parties' time relative to the copyright claim. (*See, e.g.*, Mot. Judgment on Pleadings; ECF No. 10; Lakins' Mot. Summ. J.; ECF No. 49; Heritage Resp. Mot. Summ. J.; ECF No. 50.) The Court, therefore, will reduce the total award of fees by 20%. This figure yields the proper amount in light of the objective unreasonableness of the action and the need for deterrence and compensation. Though the Court could cut the fees slightly more, it declines to do so in order to compensate the prevailing parties for completing their attorney's fees briefing. (*See* Lakins Reply Br. at 11; ECF No. 75 (requesting "a reasonable amount for the preparation of this Reply"); Heritage Reply Br. at 7; ECF No. 72 (same).)

The Court now turns to the Lakins' proposed calculations before moving on to Heritage's assessment.

### 1. The Lakins

Regarding hourly rates, counsel for the Lakins, from the law firm Vorys, Sater, Seymour and Pease LLP, charged as follows for the period at issue: $285-$350 per hour for the partner, $200-$230 per hour for one associate, and $195 per hour for the other associate. Compass declines to challenge the reasonableness of these hourly rates. The Court finds these rates reasonable, as it is familiar with the hourly rates charged by lawyers in Columbus, Ohio and the

high quality of work performed by the Lakins' counsel on this case. The Ohio State Bar Association's findings bolster this conclusion. *See The Economics of Law Practice in Ohio in 2013* at 40 (listing the mean partner's hourly rate in a firm with 8 or more partners at $322 hours per hour, and an associate's hourly rate at that size firm at $215).

The Court, however, takes issue with the hourly rate submitted for the paralegal who worked on this case. The Lakins' counsel asks for $195 per hour for the paralegal's work. But that rate is much higher than the typical rate. *See Castro v. Los Camperos, Inc.*, No. 2:13-cv-1186, 2014 WL 4626292, at *4 (S.D. Ohio Sept. 15, 2014) (noting "only 10.3 percent of paralegals in the greater Columbus area bill at a rate over $130 per hour") (citing *The Economics of Law Practice in Ohio in 2013* at 43). Counsel submitted no evidence of the paralegal's experience or skill level to support this deviation. Therefore, the rate for the paralegal will be reduced to $80 per hour, bringing it more in line with the Columbus legal community. *See The Economics of Law Practice in Ohio in 2013* at 43.

As for the amount of time billed, the Lakins' counsel ask for reimbursement for 186.7 hours of work. (Kuhl Aff. ¶ 2; ECF No. 71-1.) Compass asks the Court to cut some of these hours because two of the Lakins' attorneys duplicated the same task. (Resp. at 17; ECF No. 74.) "Counsel for the prevailing party," in submitting attorney's fees requests, "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Further, fees must be sufficiently supported with evidence in order to justify their award. *See id.* at 433.

Compass points to the time entries from June 12, 2014 to June 18, 2014 that indicate a partner and associate prepared for and attended Pamela Cinelli's deposition, and between August 28, 2014 and September 4, 2014, where the same attorneys worked on Britt Lakin's deposition.

17

(Billing Statement at 4; ECF No. 71-1.) Though the Court acknowledges that two attorneys preparing for and attending the deposition is common practice, when tasks are lumped together in such a way making it impossible to tell how long was spent on each individual task, the Court may reduce the number of hours. *See Imwalle v. Relaince Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008). Though the Lakins' counsel says that the partner "delegated tasks to junior associates where possible" (Reply Br. at 10; ECF No.75), the billing statements reveal only that the two attorneys conferred and prepared for the deposition. There is no indication that counsel deleted time entries or made other billing adjustments to account for any redundancy. Without more, the Court cannot determine the extent, if any, of excessive duplication. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 942 (E.D. Mich. 2005) ("While there is nothing inherently unreasonable about making an award for time spent by two or more lawyers engaged in the same representation, counsel bears the burden of showing his or her specific contribution."). Thus, to reflect the effort of one attorney, the Court will strike half of the hours submitted by counsel on these dates, making the total number of hours billed by the associate during these time periods 12.65 hours (instead of 25.3) at $210 per hour and the total number of hours billed by the partner during these periods 7.8 hours (instead of 15.6) at $325 per hour.

Next, Compass accuses the Lakins' counsel of misrepresenting the amount of work involved, pointing to their assertion that they "[p]repar[ed] for and defend[ed] two depositions," when only Britt Lakin was deposed. But the Lakins' counsel represent that they prepared for David Lakin's deposition only to have Compass cancel it less than 24 hours before the event. (Reply at 10; ECF No. 75.) Indeed, Compass filed in this Court a notice to take his deposition. (ECF No. 33.) An independent review the time entries do not reflect any misrepresentation

18

regarding David's scheduled deposition, and thus the Court declines to alter the award of fees on this basis.

Last, Compass takes issue with the Lakins' counsel redacting certain billing entries as privileged. "If certain portions of statements are privileged or protected by the work-product doctrine, the party claiming that privilege bears the burden of establishing that it applies." *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-CV-993, 2012 WL 3583258, at *13 (S.D. Ohio Aug. 20, 2012). The Lakins' counsel states only that they "redacted . . . those limited parts of the entries that constitute work product." (Reply at 11; ECF No. 75.) The Court finds this unpersuasive in establishing that the work-product doctrine applies. *See Corbis Corp. v. Starr*, 719 F. Supp. 2d 843, 846 n.4 (N.D. Ohio 2010) ("[S]tatements regarding generally what counsel did for a specific period of time (i.e., 'prepared summary judgment reply') are not privileged or work product."). Still, "[t]he key requirement for an award of attorney fees is that [t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553 (internal quotation marks omitted). Most of the redacted entries are still sufficiently detailed and of probative value that the Court has a high degree of certainty that the hours were actually and reasonably expended. Only one entry is so heavily redacted that it left the Court unable to make this determination: an August 3, 2014 entry that attests to an associate working for 0.3 hours. (Billing Statement; ECF No. 71-1.) Therefore, the Court will reduce that attorney's hours by 0.3 hours at (at $210 per hour). Otherwise, the redactions warrant no reductions.

With these numbers in mind, the Court calculates the attorney's fee for the Lakins to be $38,551.20. This reflects a deduction of $5,588 for the decreased hourly rate of the paralegal and the reduced hours for the depositions and billing statement's redaction.

## 2. Heritage

Like the Lakins's counsel, Heritage's attorneys, from Freund, Freeze and Arnold, LPA, billed reasonable hourly rates and performed high quality work. Fees for Heritage's counsel were divided among one shareholder, two associates, and two paralegals. The shareholder billed at $200 per hour initially, and later at $150. (Findley Aff. ¶ 7, 11.) Both associates charged an hourly rate of $140. (Freeze Aff. ¶ 6; Gramlich Aff. ¶ 6.) And the paralegals each had rates of $80 per hour. (Thomas Aff. ¶ 5; Miller Aff. ¶ 5.) Compass does not contest the reasonableness of these rates, and the Court finds them reasonable for the same reason as the counsel for the Lakins.

Heritage's counsel billed 249.8 hours. (ECF Nos. 65-1, 65-2, 65-3, 65-4, 65-5.) Compass opposed Heritage's motion, arguing that the affidavits offered in support of the fees motion were insufficiently detailed because they do not include a narrative of work done or the dates of tasks performed. (Resp. at 20; ECF No. 68.) Heritage, in its Reply Brief, supplemented its affidavits by submitting its billing record that includes this information. The Court has independently reviewed the billing record and concludes that it largely corroborates the submitted affidavits, which attested to a number of hours worked that Heritage did not accuse of being unreasonable.[7]

With some fine tuning, Heritage has submitted a reasonable amount of time worked on this case. The Court will not allow recovery of fees for the 1.7 hours of work done by one of the

_____

[7] The Court will adopt the hours attested to in the affidavit to the extent that they are reflected in the billing statements. *See infra* footnote 8.

paralegals because her entries indicate that she performed only clerical tasks (creating a binder and bates-labeling documents). (*See* Billing Record at 21-22; ECF No. 72-3 (listing Thomas's activity).) *See Parker v. Law Offices of Susan Addison Blush, P.C.*, No. 12-15005, 2013 WL 4027267, at *1 (E.D. Mich. Aug. 7, 2013) ("Legal administrative tasks are generally not recoverable.")) For the same reason, the Court will deduct 3.3 hours from the other paralegal's work in which she prepared copies and notebooks. (*See* Billing Record at 22, 33; ECF No. 72-3 (listing Miller's activity).) Moreover, the Court will deduct 6.6 hours of associate work due to some duplication of tasks. Specifically, two associates at Heritage prepared its motion for attorney's fees and nothing differentiates the tasks they completed. (*See* Billing Record at 50-51; ECF No. 72-3.) For the complexity and length of that motion, the Court discerns no need for two associates to bill almost equal amounts of time. (The senior attorney understandably and reasonably reviewed and edited this motion in less than a half of an hour.) Therefore, the Court removes 6.6 hours from the time worked by the associates.

Using these numbers, the Court calculates the attorney's fee for Heritage to be $36,717. This reflects a deduction of $1,324 for hours reduced for the clerical work and the attorney's fees motion.[8]

### 3. Adjustments

The Supreme Court in *Hensley* cautioned that the lodestar determination "does not end the inquiry." *Hensley*, 461 U.S. at 434. The parties do not suggest other reasons for the Court to adjust the fees upward or downward, and the Court discerns none. Though the Lakins and

---

[8] The Court used $38,041 as its starting point in this calculation, as it reflects the sum of all of the legal services according to the billing records that Heritage submitted as evidence. (*See* Billing Statements; ECF Nos. 72-2 & 72-3.) Heritage asserts elsewhere that its total fee is $46,017. (*See* Findley Aff. ¶ 9; ECF No. 72-1.) But the Court has been unable to locate evidentiary support for that figure.

Heritage received favorable outcomes, the case was not particularly complex, as it hinged on a relatively straightforward issue, although Compass made it more complicated than need be. *See Market Day Corp. v. Maas*, No. 1:05-cv-578, 2006 U.S. Dist. LEXIS 33375, at *10 (S.D. Ohio May 25, 2006) (noting that the lodestar amount may be adjusted for considerations including the results obtained, novelty and difficulty of questions presented, and the skill needed). Thus, the Court follows the "strong presumption" that the lodestar method creates in establishing the reasonableness of the recoverable fees. To account for the fees attributable to the state-law claims dismissed without prejudice and for the *Fogerty* factors present in this case, the Court, as discussed earlier, reduces this amount by 20%, for a total of $30,840.96 to the Lakins and $29,373.60 to Heritage.

### 4. Costs

Last, the Court takes up the Lakins' and Heritage's request for reimbursement of their litigation costs. Compass does not specifically object to these costs for either party. The Copyright Act permits the Court to "allow the recovery of *full costs* by or against any party." 17 U.S.C. § 505 (emphasis added); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) ("Construing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word 'full' out of the statute."); *see also Coles*, 283 F.3d at 803-04; *Chambers v. Ingram Book Co.*, No. 09-14731, 2012 WL 933237, at *10 (E.D. Mich. Mar. 20, 2012).

Counsel for the Lakins submitted a bill totaling $1,561.40 for costs in this case. (ECF No. 71-1.) These costs included copying, computer research, and court reporter fees. Heritage asserts its costs total $3,392.40 for similar services. (Findley Aff. ¶ 11; ECF No. 72-1.) But according to the Court's calculations using the expense records submitted (ECF Nos. 72-2 & 72-3),

Heritage incurred $3,245.31 in costs.   Thus the Court awards $1,561.40 to the Lakins and $3,245.31 to Heritage.   The Court finds these requested amounts reasonably incurred in the course of litigation.

## III. CONCLUSION

Compass's Motion for Relief from Judgment, or in the Alternative, to Alter or Amend Judgment (ECF No. 66) is **DENIED**.  Heritage's Motion for Attorney Fees (ECF No. 65) and the Lakins' Motion for Attorney Fees (ECF No. 71) are **GRANTED**.

**IT IS SO ORDERED.**

_8 - 3 -2015_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**